**UNITED STATES of America,
Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the WESTERN DISTRICT OF WASHINGTON, Respondent.**

No. 06–73622.

United States Court of Appeals,
Ninth Circuit.

Submitted June 22, 2006.*

Filed Feb. 6, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). During a stay of the en banc proceedings in *Morales–Izquierdo v. Gonzales,* No. 03–70674, the government filed a mandamus petition. We treated this petition as a separate case, and thus ordered that a new docket, No. 06–73622, be opened, captioned *United States v. United States District Court.* We transferred the mandamus peti-

Christopher Lee Pickrell, Esq., Kirsten M. Schimpff, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, Papu Sandhu, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Petitioner.

Before: SCHROEDER, Chief Judge, PREGERSON, REINHARDT, KOZINSKI, RYMER, HAWKINS, THOMAS, GRABER, W. FLETCHER, GOULD and BYBEE, Circuit Judges.

### MEMORANDUM**

The government does not satisfy the extraordinarily high standard for obtaining writ of mandamus, as "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

First, the relief the government seeks—transfer of the entire case from the district court to this court—is not a "clear and undisputable" right. *See Cheney v. U.S. Dist. Court,* 542 U.S. 367, 381, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (quoting *Kerr,* 426 U.S. at 403, 96 S.Ct. 2119). Section 106(c) of the REAL ID Act of 2005 provides that if a habeas petition challeng-

tion to this docket, ordered the government to serve the district judge with its petition, and consolidated the two cases. In conjunction with this unpublished disposition, we file a published opinion addressing Morales' petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing a removal order "is pending in a district court ... the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals." Pub.L. No. 109–13, div. B, § 106(c), 119 Stat. 302, 311 (2005). Because the reinstatement claims were dismissed, the part of the case challenging the removal order is no longer pending in the district court, and the remaining claims deal with Morales' application for adjustment of status, not the removal order. It's not clear and undisputed that these claims must be transferred.

Second, there are "other adequate means to attain the relief [the government] desires." *Cheney*, 542 U.S. at 380, 124 S.Ct. 2576 (quoting *Kerr*, 426 U.S. at 403, 96 S.Ct. 2119). To the extent the district court should have transferred the remaining claims—instead of holding them in abeyance—the government suffers no irreparable harm by awaiting normal appellate review of the district court's rulings.

**PETITION DENIED.**